# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTOPHER A. BLAIN, | : | |
| Petitioner, | : | Case No. 3:10cv00347 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al., | : | |
| | : | |
| Respondents. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  INTRODUCTION

This habeas corpus case is before the Court upon Respondent's Motion to Dismiss. (Doc. # 7). Petitioner has not responded to the motion. Respondent asserts that Petitioner has failed to exhaust his state court remedies and that the claims are not cognizable in this federal habeas corpus case.

## II.  STATE CONVICTION

On March 26, 2008, a Miami County Grand Jury issued an indictment charging Blain with one count of Pandering Obscenity Involving Minors. (Doc. # 7, Exhibit 1,

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Case No. 08CR69). Blain, through counsel, entered a plea of no contest to the indictment and the case was set for sentencing.

On April 11, 2008, Blain was found guilty as indicted. Blain was ordered to serve a term of 16 months of imprisonment. (Doc. # 7, Exhibit 2). Blain did not appeal his conviction or sentence.

### III.   FEDERAL HABEAS CORPUS

On September 14, 2010, Blain, *pro se*, filed the instant petition setting forth the following grounds for relief:

**Ground One**: "Denial of credit for time served."

**Supporting Facts:** "The A.P.A. placed me at the V.O.A. halfway house in July 2009. I was warned that if I failed to show up, I would be sent to prison. The V.O.A. is certified by the state and the American Corrections Association as a detention facility. There are armed, uniformed security personnel. We were informed that if we left without permission, we would be charged with felony escape, and that arrest warrants were kept on file, ready to be served on us. We were subject to search by staff and the APA at all times. We were not allowed to possess food, money or cell phones, etc. All movement within the facility requires electronic unlocking by staff. The conditions of the facility, as well as the rules, terms, etc as outlined by both the V.O.A. and the A.P.A. clearly demonstrate that the V.O.A. is a detention facility, and as such, credit for the 183 days confined there should be granted."

**Ground Two**: "Illegal detention."

**Supporting Facts**: "With the credit for the 183 days spent confined at the Volunteers of America's halfway house, I have maxed out my Post Release Control (P.R.C.) sanction time available to the Adult Parole Authority (APA). As of my scheduled release date, I will have been unlawfully incarcerated 182 days past my maximum release date. The A.P.A. has continually refused to consider this issue. Offenders sentenced to other area halfway houses are routinely given credit for the time spent at those facilities. I was denied the credit and sanctioned by the APA to a total of 212 days. I would have maxed out my available "half-time"

(available sanction time) on or about March 24th 2010."

(Doc. # 2).

## IV. BLAIN'S GROUNDS FOR RELIEF ARE NOT EXAUSTED

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. §2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate state courts prior to that. 28 U.S.C. §2254 (b) and (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A habeas corpus petition that contains any issue that is not exhausted is subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 515-520 (1982); *Ferguson v. Knight*, 809 F.2d 1239 (6th Cir. 1987).

Blain asserts in his petition that he has filed a petition for habeas corpus relief in the state courts, presenting the claims in this petition. There is no indication in the record that Blain's claims have been exhausted. Unless and until Blain presents these claims to the state courts, and exhausts the claims by appealing any adverse ruling to the Ohio Supreme Court, these claims are unexhausted and must be dismissed.

## V. BLAIN'S STATE LAW CLAIMS ARE NOT COGNIZABLE

Federal habeas corpus is a statutory remedy, allowing a district court to entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a); *Barclay v. Florida*, 463 U.S. 939 (1983)*; Engle v. Isaac*, 456 U.S. 107, 119

(1982); *Smith v. Phillips*, 455 U.S. 209 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

Any alleged violation of state law by the Ohio parole board is not an issue appropriate for federal habeas corpus review. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871 (1984); *Smith v. Sowders*, 848 F. 2d 735, 738 (6th Cir. 1988).

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's Motion to Dismiss. (Doc. # 7) be GRANTED and Petitioner's Petition for Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

2. Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and,

3. The case be terminated on the docket of this Court.

February 8, 2011

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).